1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD, | CASE NO.    1:13-cv-00761-MJS (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No.1) |
| CDCR, et al., | |
| Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| _____/ | |

## SCREENING ORDER

**I.    PROCEDURAL HISTORY**

On May 23, 2013, Plaintiff Zane Hubbard, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.) Plaintiff has consented to Magistrate Judge jurisdiction.  (ECF No. 5.)  His Complaint is now before the Court for screening.

**II.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief

against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

III.   **SUMMARY OF COMPLAINT**

The Complaint identifies (1) the California Department of Corrections and Rehabilitation (CDCR), (2) Pleasant Valley State Prison (PVSP), (3) Wasco State Prison (Wasco), (4) Memorial Hospital, and (5) Mercy Hospital as Defendants.

Plaintiff alleges the following:

On April 28, 2007, while imprisoned at PVSP, Plaintiff filed a medical care request for a swollen ankle.  Plaintiff was prescribed medication but no diagnostic testing was done.  By July 3, 2007, the ankle had worsened to a bruised bump.  Plaintiff was also suffering chest pains and night sweats.  X-rays confirmed a worsening of the ankle but found no pulmonary abnormality.  An ankle wound developed and began to drain fluid.

2

(Compl. at 2.)  Medication was ineffective in relieving the symptoms.  On July 25, 2007 Plaintiff filed a medical care request because of the ongoing problem.  He was seen on August 3, 2007, but told that because he was approaching parole, nothing would be done except to keep the wound cleanly dressed.  Plaintiff was paroled soon thereafter with a supply of medication.

Plaintiff's symptoms persisted and he checked himself into Memorial Hospital. Medical personnel swabbed the wound, diagnosed an abscess or ulcer, but conducted no other testing.  Plaintiff was prescribed antibiotics.  His ankle, night sweats, and chest pain continued unabated.

Plaintiff was re-incarcerated in September 2007.  On September 27, 2007, while at Wasco, Plaintiff filed a medical care request.  (Id. at 3.)  Medical personnel provided dressing and antibiotics.

In November 2007, Plaintiff was admitted to Mercy Hospital.  Tests revealed disseminated Valley Fever in Plaintiff's leg bones.  Manifestations of the disease were surgically removed from infected bones and a direct line of continuos medication was inserted to combat the Valley Fever.  Plaintiff had an allergic reaction to the medication and became anemic.  The medication was changed.

Plaintiff remained at Mercy for four months.  Except for being allowed to shower three times a week and walk up and down a fifteen yard stretch of hallway five times, twice a week, Plaintiff was shackled to his bed.  A screen on the room's window blocked out natural light.  At no time was he afforded fresh air.  (Id. at 4.)  Plaintiff required a medical attendant's assistance to relieve himself.  He was forced to use the restroom in the presence of correctional officers and he was given a five minute time limit.

3

Plaintiff asserts violations of his First, Fifth, Eighth, and Fourteenth Amendment rights.  (Id. at 5.)  The Court will address Plaintiff's allegations below.

## IV.   ANALYSIS

### A.   Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Id. at 1949-50.

### B.   Eleventh Amendment Immunity

Plaintiff names the CDCR, a state agency, and two of its prisons among the Defendants in this action.  The Eleventh Amendment "'erects a general bar against federal lawsuits brought against the state.'"  Wolfson v.  Brammer, 616 F.3d 1045, 1065-66 (9th

4

Cir. 2010) (quoting Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003)).  Plaintiff may not

bring suit against the CDCR in federal court because it is a state agency and is entitled to

Eleventh Amendment immunity.  Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147

(9th Cir. 2007).  Because PVSP and Wasco are parts of the CDCR, a state agency, they

are also entitled to Eleventh Amendment immunity from suit.  Allison v. California Adult

Authority, 419 F.2d 822, 823 (9th Cir. 1969) (holding that state prison was a state agency

entitled to sovereign immunity).  Plaintiff may not proceed against the CDCR, PVSP, or

Wasco.

> ### C.    Eighth Amendment
>
> #### 1.    Pleading Requirements Generally

Plaintiff complains of inadequate medical care and unconstitutional conditions of

confinement.  The Eighth Amendment's prohibition against cruel and unusual punishment

protects prisoners not only from inhumane methods of punishment but also from inhumane

conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006)

(citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S.

337, 347 (1981)) (quotation marks omitted).  While conditions of confinement may be, and

often are, restrictive and harsh, they must not involve the wanton and unnecessary

infliction of pain.  Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation

marks omitted).

Prison officials have a duty to ensure that prisoners are provided adequate shelter,

food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d

726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that

a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d

at 1045 (quotation marks omitted).  To maintain an Eighth Amendment claim, inmates must show deliberate indifference to a substantial risk of harm to their health or safety.  Farmer, 511 U.S. at 847.

For claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.  Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096) (internal quotation marks omitted).

2.    State Action

Plaintiff alleges that Defendants Memorial Hospital and Mercy Hospital provided medical treatment and imposed conditions of confinement that violated his Eighth Amendment rights.  "To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must

6

show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted).  The presumption is that "conduct by private actors is not state action," Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 922 (9th Cir. 2011), cert. denied, 132 S.Ct. 1000 (2012), but "'state action may be found if . . . there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself,'" Florer, 639 F.3d at 924 (quoting Brentwood Academy v. Tennessee Secondary School Athletic Assoc., 531 U.S. 288, 295 (2001)).

Under the circumstances alleged, Defendant Memorial Hospital acted as a private actor and, as such, is not a proper Defendant in this case.  Plaintiff was paroled at the time and received care at Memorial as a non-incarcerated citizen.  See Jackson v. East Bay Hosp., 980 F.Supp. 1341, 1356-57 (N.D. Cal. 1997) (§ 1983 claim may be brought against a private doctor in a private hospital only if there is a sufficiently close nexus between the state and the challenged action).  Here there is no allegation of any connection between the state and Memorial with regard to Plaintiff's medical care.  Rather, it appears Plaintiff was simply a private citizen voluntarily seeking care from a hospital.

The circumstances regarding Mercy Hospital are different.  Plaintiff was re-incarcerated in September 2007 and afterwards referred to Mercy by officials at Wasco. Plaintiff remained at Mercy for a four months.  He was shackled to the bed and medical staff worked in conjunction with correctional officers.  These factual allegations describe an ongoing relationship between the state and Mercy sufficient to say, at least at this stage of the proceedings, that Mercy acted under the color of state law.  See West, 487 U.S. at 54 (a private physician under contract with a state to provide medical services to inmates

was a state actor for purposes of section 1983); see also Lopez v. Dep't of Health Servs., 939 F.2d 881, 883 (9th Cir. 1991) (state action was sufficiently alleged by a complaint stating that the defendant hospital was under contract with the State of Arizona to provide medical services to indigents). Indeed, it is assumed that Plaintiff had no power to select a different hospital. Mercy was chosen for him. It was the only facility authorized by the state to address Plaintiff's ailment. See West, 487 U.S. at 55.

### 3.   Deliberate Indifference

A private entity can be found liable in an action pursuant to § 1983 if it is acting under color of state law and the constitutional deprivations resulted from a policy, custom, or practice of the entitiy. See Robinson v. City of San Bernardino Police Department, 992 F.Supp. 1198, 1204 (C.D. Cal. 1998). There is no liability under § 1983 based on a theory of respondeat superior, Monell v. Dept. of Social Services, 436 U.S. 658, 691 (1978); West, 487 U.S. at 54 n. 12, therefore Mercy can not be vicariously liable for the actions of its employees.

Plaintiff has not identified or shown any policy, custom, or practice of Mercy Hospital that caused or contributed to the violations complained of. There is no indication that any hospital policy caused inadequate medical care.

The Court will grant Plaintiff leave to amend this claim. To state a claim against Mercy, Plaintiff must identify a policy, custom, or practice, attributable to Mercy, that caused the violations alleged. Robinson, 992 F.Supp. at 1204. Any amended claims must be based on factual allegations[1], not speculation, and must clearly link Mercy to a

---

[1]  The Complaint includes approximately one hundred and thirty pages of medical records. Plaintiff's factual allegations are taken as true at this stage in the proceedings, Iqbal, 129 S.Ct. at 1949-50, therefore exhibits are unnecessary. The Court will not analyze the records to search for evidence of

constitutional violation.

4.     Individual Defendants

Plaintiff has pled that he was suffering from a serious medical condition.  To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must show deliberate indifference to his serious medical needs.  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)) (quotation marks omitted).  "Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

If Plaintiff is aware of facts suggesting that any individual defendant was purposefully indifferent to his medical condition or knowingly disregarded or failed to treat it, he may be able to sate a claim.  He must allege specific facts showing a basis for such a belief, not just a suspicion or a good faith belief.  If, as may be the case, individuals acted negligently rather than intentionally, no Constitutional claim will be stated.  "Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429

violations.  Plaintiff should refrain from refiling medical records with any amended complaint.

U.S. at 105-06).  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050.  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

### D.    Unspecified Claims

In addition to Eighth Amendment inadequate medical care and condition of confinement claims, Plaintiff contends that the Defendants violated rights afforded by the First, Fifth, and Fourteenth Amendments.  The Complaint does not allege a basis for any such claims and none are discernable.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint or amended complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

As pled, the Court can not determine the viability of Plaintiff's remaining claims.  Plaintiff will be given an opportunity to amend.  To state a claim, Plaintiff must clearly identify how exactly each Defendant violated his rights.  Particular factual allegations should be linked to each constitutional violation.  If the Court can not discern the basis for future claims, they will be dismissed with prejudice.

10

1

## V.   CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under section 1983.  The Court will grant Plaintiff an opportunity to file an amended complaint.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights.  Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)).  Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the

11

speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed May 23, 2013;

2.      Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3.      Plaintiff shall file an amended complaint within thirty (30) days; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.


Dated:   June 30, 2013              /s/ Michael J. Seng

                                    UNITED STATES MAGISTRATE JUDGE