1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10 | ZANE HUBBARD,                                   CASE NO.     1:13-cv-00761-MJS (PC)

11                        Plaintiff,               ORDER DISMISSING FIRST AMENDED
                                                   COMPLAINT WITH LEAVE TO AMEND
12          v.
                                                   (ECF No. 7)
13  | CDCR, et al.,
                                                   AMENDED COMPLAINT DUE WITHIN
14                        Defendants.              THIRTY (30) DAYS
15

16  _____/

17

18                              **SCREENING ORDER**

19  **I.     PROCEDURAL HISTORY**

20          On May 23, 2013, Plaintiff Zane Hubbard, a state prisoner proceeding pro se and

21  in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)

22  Plaintiff has consented to Magistrate Judge jurisdiction.  (ECF No. 5.)  On July 1, 2013,

23  Plaintiff's Complaint was screened and dismissed, with leave to amend, for failure to state

24  a cognizable claim.  (ECF No. 6.)  Plaintiff's First Amended Complaint (ECF No. 7) is now

25  before the Court for screening.

26

27

1

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III.   SUMMARY OF FIRST AMENDED COMPLAINT

The First Amended Complaint identifies (1) the California Department of Corrections and Rehabilitation (CDCR), (2) Pleasant Valley State Prison (PVSP), (3) Wasco State Prison (Wasco), (4) Memorial Hospital, and (5) Mercy Hospital as Defendants.

Plaintiff alleges that he was tortured and deprived of various constitutional rights. He asserts that the Court's previous screening order erroneously determined that the original complaint failed to state a claim. (Compl. at 3, 4.)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

IV.   **ANALYSIS**

    A.   **Section 1983**

    To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

    A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Id. at 1949-50.

    B.   **Insufficient Pleading**

    Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, the complaint or amended complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.   Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

Plaintiff's amended complaint contains no factual allegations.  Instead it simply argues that the Court's previous screening order was wrong and somehow deprived Plaintiff of constitutional rights.

The original screening order instructed Plaintiff that, based on the factual allegations and claims pled, Mercy Hospital was the only permissible Defendant.  Plaintiff was notified of the legal criteria for asserting a viable claim against Mercy Hospital, given leave to amend, and invited to name any individual persons who he thought were responsible for the violations alleged.  The amended complaint makes no attempt to address these deficiencies and so it necessarily remains devoid of a cognizable claim.

As the Court previously explained, Plaintiff can not maintain a claim against a state agency, the state prisons, or Memorial Hospital.  Plaintiff may disagree with the those conclusions, but unless and until they are reversed by a higher court, they reflect the ruling in this case, and Plaintiff can not proceed with the case without correcting the deficiencies identified by the Court.

The Court will grant Plaintiff one final opportunity to amend and correct the problems with his original pleading.  Failure to do so and allege sufficient factual details in support of claims against individual Defendants or properly named institutional Defendants will result in dismissal with prejudice.

The Court will direct the Clerk's office to send Plaintiff a copy of the Court's original screening order.  Plaintiff should review that order and focus his efforts on plainly pleading facts against proper Defendants.

## V.   CONCLUSION AND ORDER

Plaintiff's First Amended Complaint does not state a claim for relief under section

1   1983.  The Court will grant Plaintiff one final opportunity to amend.  Noll v. Carlson, 809
2   F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff opts to amend, he must demonstrate that
3   the alleged acts resulted in a deprivation of his constitutional rights.  Iqbal, 129 S.Ct. at
4   1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is
5   plausible on its face.'"  Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)).  Plaintiff
6   must also demonstrate that each named Defendant personally participated in a deprivation
7   of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).
8

9       Plaintiff should note that although he has been given the opportunity to amend, it
10  is not for the purposes of adding new claims.  George v. Smith, 507 F.3d 605, 607 (7th Cir.
11  2007).  Plaintiff should carefully read this Screening Order and focus his efforts on curing
12  the deficiencies set forth above.
13

14      Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint
15  be complete in itself without reference to any prior pleading.  As a general rule, an
16  amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55,
17  57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer
18  serves any function in the case.  Therefore, in an amended complaint, as in an original
19  complaint, each claim and the involvement of each defendant must be sufficiently alleged.
20  The amended complaint should be clearly and boldly titled "Second Amended Complaint,"
21  refer to the appropriate case number, and be an original signed under penalty of perjury.
22  Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Although accepted as
23  true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the
24  speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).
25
26      Accordingly, it is HEREBY ORDERED that:
27

5

1    1.    The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form, (2) a copy of his First Amended Complaint, filed July 10, 2013, and (3) a copy of the Court's original screening order (ECF No. 6), filed July 1, 2013;

2.    Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted;

3.    Plaintiff shall file an amended complaint within thirty (30) days; and

4.    If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:    July 31, 2013                    /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE

6