UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ZANE HUBBARD, | | CASE NO. 1:13-cv-00761-MJS (PC) |
| | Plaintiff, | ORDER DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A COGNIZABLE CLAIM |
| v. | | |
| CDCR, et al., | | (ECF No. 9) |
| | Defendants. | CLERK SHALL CLOSE THE CASE |

**SCREENING ORDER**

**I.   PROCEDURAL HISTORY**

On May 23, 2013, Plaintiff Zane Hubbard, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  Plaintiff has consented to Magistrate Judge jurisdiction.  (ECF No. 5.)

Plaintiff's Complaint (ECF No. 1) and First Amended Complaint (ECF No. 7) were screened and dismissed, with leave to amend, on July 1, 2013 and July 31, 2013, respectively, for failure to state cognizable claims.  (ECF Nos. 6, 8.)  Plaintiff's Second

1

Amended Complaint (ECF No. 9) is now before the Court for screening.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III. SUMMARY OF SECOND AMENDED COMPLAINT

The Second Amended Complaint identifies (1) the California Department of Corrections and Rehabilitation (CDCR), (2) Pleasant Valley State Prison (PVSP), (3) Wasco State Prison (Wasco), (4) Memorial Hospital, and (5) Mercy Hospital as Defendants.

Plaintiff alleges the following:

2

In 2007, while imprisoned at PVSP, a "bump" appeared on Plaintiff's body and he sought treatment. From May 23, 2007, the date of Plaintiff's second medical request, to August 6, 2007, medical staff failed to conduct any diagnostic test on the bump or properly diagnosis it. Instead, Plaintiff was prescribed various ineffective medications until paroled. (Compl. at 4.) Plaintiff sought treatment at Memorial Hospital. Plaintiff's wound was determined to be an abscess and Plaintiff was prescribed additional medication. The diagnosis was incorrect and the medication was ineffective. (Id. at 5.)

Plaintiff was subsequently re-incarcerated at Wasco and from there admitted to Mercy Hospital pursuant to a contract between the prison and hospital. Plaintiff was shackled to his bed and provided a hospital gown that exposed his buttocks. He was given socks but no shoes and his opportunity for exercise was limited to walking up a down a hallway. Plaintiff was given bad food and only one milk a day. He was not provided television, personal paper, books, or other entertainment. (Id. at 6, 7.) Plaintiff asserts violations of his Eighth Amendment rights. (Id. at 8.)

**IV.   ANALYSIS**

    **A.   Section 1983**

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### B. Improper Defendants

Plaintiff asserts violations of his Eighth Amendment rights and names the CDCR, PVSP, Wasco, and Memorial Hospital as Defendants. The Court has instructed Plaintiff twice before that he may not proceed in this action against these entities. The CDCR is a state agency and is entitled to Eleventh Amendment immunity. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Because PVSP and Wasco are parts of the CDCR, a state agency, they are also entitled to Eleventh Amendment immunity from suit. Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969) (holding that state prison was a state agency entitled to sovereign immunity).

Memorial Hospital is a private entity. Plaintiff has failed to demonstrate that its behavior may be fairly treated as that of the State itself. "To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted). The presumption is that "conduct by private actors is not state action," Florer v.

4

Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 922 (9th Cir. 2011), cert. denied, 132 S.Ct. 1000 (2012), but "'state action may be found if . . . there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself,'" Florer, 639 F.3d at 924 (quoting Brentwood Academy v. Tennessee Secondary School Athletic Assoc., 531 U.S. 288, 295 (2001)).

Under the circumstances alleged, Defendant Memorial Hospital behaved as a private actor and, as such, is not a proper Defendant in this case. Plaintiff was paroled at the time and received care at Memorial as a non-incarcerated citizen. See Jackson v. East Bay Hosp., 980 F.Supp. 1341, 1356-57 (N.D. Cal. 1997) (§ 1983 claim may be brought against a private doctor in a private hospital only if there is a sufficiently close nexus between the state and the challenged action).

The Court previously notified Plaintiff that the CDCR, PVSP, Wasco, and Memorial Hospital are not proper Defendants. Plaintiff's amended complaint pleads the same factual allegations and claims against the same Defendants without addressing the deficiency described above. Clearly, further leave to amend would serve no useful purpose. Plaintiff's claims against the CDCR, PVSP, Wasco, and Memorial Hospital are dismissed with prejudice.

### C. Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted). While conditions of confinement may be, and

5

often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. Farmer, 511 U.S. at 847.

Plaintiff alleges that Wasco sent him to Mercy Hospital for treatment after he was re-incarcerated pursuant to a contract between the prison and hospital. Plaintiff plausibly alleges that the hospital had an ongoing relationship with the state and therefore was acting under color of state law. See West, 487 U.S. at 54 (a private physician under contract with a state to provide medical services to inmates was a state actor for purposes of section 1983); see also Lopez v. Dep't of Health Servs., 939 F.2d 881, 883 (9th Cir. 1991) (state action was sufficiently alleged by a complaint stating that the defendant hospital was under contract with the State of Arizona to provide medical services to indigents).

Nevertheless, the conditions described by Plaintiff fail to satisfy the first element of

6

his Eighth Amendment claim. Plaintiff complains of being periodically shackled to his bed, forced to wear a hospital gown that exposed his buttocks, being deprived of entertainment such as television or books, and being given bad food. The mistreatment described by Plaintiff does not amount to a constitutional deprivation. "An institution's obligation under the eighth amendment is at an end if it furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety." Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.1982) (internal citation omitted) abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). "Idleness and the lack of programs are not Eighth Amendment violations." Id. at 1254. Plaintiff was neither denied life's necessities nor exposed to unreasonable danger while at the hospital.

The Court provided Plaintiff with the applicable legal standard and two opportunities to amend. His failure to allege facts in satisfaction of the legal standard is an indication he cannot. Plaintiff's claim against Mercy Hospital is therefore dismissed with prejudice.

## V.   **CONCLUSION AND ORDER**

For the reasons stated above, the Court finds that Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted and that leave to amend would be futile. See Noll v. Carson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Accordingly, Plaintiff's Second Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim. The Clerk shall close the case.

IT IS SO ORDERED.

Dated:   August 29, 2013           /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE